**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

HELEN COLE,                       )
                                  )
            **Plaintiff,**        )
                                  )
**v.**                             )        **No. 12-2969-STA-tmp**
                                  )
**ERIC K. SHINSEKI,**       )
**Secretary of Department of Veterans**  )
**Affairs,**                     )
                                  )
            **Defendant.**     )

_____

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**
_____

      Before the Court is Defendant Eric K. Shinseki's Motion to Dismiss (D.E. # 7) filed on April 3, 2013.[1]  Plaintiff Helen Cole has responded in opposition.  For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED** without prejudice.  Plaintiff is ordered to correct the defects described herein and file proper proof of service within twenty-eight (28) days of the entry of this Order.

## **BACKGROUND**

      Plaintiff filed her complaint in this matter on November 8, 2012, alleging claims for race discrimination, hostile work environment, and reprisal under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (Compl. ¶ 1.)  Plaintiff alleges that she is currently employed as a

---

[1] Plaintiff has filed one notice of correction to state that Defendant's correct name is Eric K. Shinseki, and not Erin K. Shinseki.  Notice of Correction (D.E. # 6).  Defendants name is recorded as "Shenseki" on the docket.  The Clerk of Court is ordered to correct the spelling of Defendant's last name on the docket to "Shinseki."

registered nurse at the Veterans Administration Hospital ("the VA") in Memphis, Tennessee. According to the complaint, Plaintiff has suffered discrimination on the basis of her race in the course of her employment with the VA.  On December 10, 2012, Plaintiff caused summons to be issued, and the Clerk of Court issued the summons on December 12, 2012.  On February 7, 2013, Plaintiff filed proof of executed summons (D.E. # 5) as to Defendant Eric K. Shinseki served by certified mail on December 26, 2012; on the Department of Veterans Affairs served by certified mail on December 26, 2012; on the Attorney General of the United States Eric Holder served by certified mail on December 26, 2012; and on United States Attorney for the Western District of Tennessee Edward Stanton served by certified mail on February 1, 2012.

On April 3, 2013, Defendant filed the instant Motion to Dismiss under Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.  Defendant apparently concedes that summons was served on the Attorney General and the United States Attorney for the Western District of Tennessee. Defendant argues that Secretary Shinseki and the Department of Veterans Affairs, however, were not served.  According to Defendant, Plaintiff mailed summons to an incorrect mailing address.  As a result, Plaintiff has failed to effect proper service on Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure.  In light of her failure to serve Defendant, Defendant argues that dismissal of Plaintiff's suit is proper.  Defendant adds without any explanation that although the Court has discretion to extend the time for service, an extension is not "appropriate in the instant case."[2]  Therefore, the Court should dismiss the complaint.

Plaintiff has responded in opposition to Defendant's Motion to Dismiss.  Plaintiff acknowledges that Rule 4(i) establishes the requirements for service on the United States and its

---

[2] Def.'s Mot. to Dismiss 3 (D.E. # 7).

2

agencies.  Plaintiff argues that "Defendants admittedly received proper notice of the action but for the address issue," making dismissal of the suit improper.[3]  Additionally, dismissal of the complaint is not appropriate because Plaintiff would not be able to re-file her case.  As a federal employee, Plaintiff had 90 days from the final decision of the agency in which to file suit.  If the Court dismisses the complaint, the matter will be time-barred.  Plaintiff argues then that the Court should deny Defendant's Motion and require Defendant to file an answer.  In the alternative, Plaintiff requests an extension of time to perfect service on Secretary Shinseki at an address provided by the U.S. Attorney's Office.

## **ANALYSIS**

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a party to assert the defense of insufficient service of process by motion before filing a responsive pleading.[4]  Federal Rule of Civil Procedure 4 governs the sufficiency of service of process.  Specifically, Rule 4(i)(2) authorizes service on a United States agency or a United States officer sued only in an official capacity by sending a copy of the summons and of the complaint by registered or certified mail to the agency or the officer.[5]  In addition to sending a copy of these papers to the agency or the officer, the party must serve the United States itself.[6]  Under Rule 4(i)(1), "[t]o serve the United States, a party must deliver

---

[3] Pl.'s Resp. in Opp'n 3 (D.E. # 9).

[4] Fed. R. Civ. P. 12(b)(5).

[5] Fed. R. Civ. P. 4(i)(2).

[6] *Id.*; *see also Womble v. Holder*, No. 10-3924, 2012 WL 5896540, at * 1 (6th Cir. Nov. 26, 2012) ("Beyond personal service on named federal officers, the Rule also calls for separate service on the United States by (1) personal or mail service of the summons and complaint on the United States Attorney in the district in which the action is filed, and (2) mailing a copy of the summons and complaint by registered or certified mail to the Attorney General of the United

a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office."[7]   A party must also send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.[8]  The issue presented here is whether Plaintiff has properly served Secretary Shinseki and the Department of Veterans Affairs.

Based on the plain language of Rule 4(i), the Court holds that Plaintiff has failed to perfect service on Secretary Shinseki and the Department of Veterans Affairs.   Plaintiff concedes that she sent a copy of the summons and the complaint to Secretary Shinseki and the Department of Veterans Affairs at the wrong address, explaining that the "address at issue was for the Attorney General of the United States [] who is authorized to receive service of process for the Secretary under" Rule 4.[9] In fact, the complaint alleges that "Defendant, Eric K. Shinseki is the Secretary of Department of the Navy for the United States government and can be served with process by serving the Attorney General at the Department of Justice, 950 Pennsylvania Avenue, Northwest Room B-103, Washington, D.C., 20530-0001."[10]   The proof of service filed by Plaintiff confirms that she addressed the summons and the complaint to Secretary Shinseki and the Department of Veterans

States at Washington, D.C.").

[7] Fed. R. Civ. P. 4(i)(1)(A).

[8] Fed. R. Civ. P. 4(i)(1)(B).

[9] Pl.'s Resp. in Opp'n 3-4.

[10] Compl. ¶ 2. This allegation appears to be incorrect as Shinseki is the Secretary of the Department of Veterans Affairs, and not the Navy Department.

Affairs at the address for the Attorney General's office alleged in the complaint.[11]  However, Plaintiff has cited no authority for her contention that the Attorney General is authorized to receive service of process for Secretary Shinseki or the Department of Veterans of Affairs.  Rule 4(i) flatly contradicts her proposition and requires that a party serve the United States itself and send a copy of the summons and the complaint to a federal agency and a federal officer sued in an official capacity.  Based on her admission that she only served the summons and the complaint at the Attorney General's office, the Court holds that Plaintiff has not complied with Rule 4(i)'s requirements for service on Secretary Shinseki and the Department of Veterans Affairs.

Although Plaintiff's service was insufficient pursuant to Rule 12(b)(5), the Court holds that dismissal is not warranted in this case.  Rule 4(m) requires the Court to dismiss an action without prejudice if a defendant is not served within 120 days after the complaint is filed.[12]  Plaintiff filed her complaint on November 8, 2012, meaning that Plaintiff's time to serve Defendant ran on or around March 10, 2013.  Strictly speaking, dismissal of Plaintiff's complaint without prejudice would be proper under Rule 4(m).  Even so, Rule 4(m) requires the Court to extend the time for service for an appropriate period if the plaintiff shows good cause for the failure.[13]  In fact, the United States Supreme Court has noted that district courts have the discretion to enlarge the 120-day period "even if there is no good cause shown."[14]

---

[11] Pl.'s Aff. of Service of Process, ex. A & B (D.E. # 5-1, 5-2).

[12] Fed. R. Civ. P. 4(m)

[13] *Id.*

[14] *Henderson v. United States*, 517 U.S. 654, 662–63 (1996) (quoting Advisory Committee's Notes to 1993 Amendments to Fed. R. Civ. Proc. 4(m)).

5

The Court finds good cause here to extend the time for service. The Advisory Committee Notes to Rule 4(m) specify that Rule 4(i)(4) provides "[a] specific instance of good cause" for failure to serve a defendant within 120 days due to "oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations."[15] Rule 4(i)(4) mandates that the Court "allow a party a reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States."[16] In this case Secretary Shinseki and the Department of Veterans Affairs are each "a person required to be served under Rule 4(i)(2)," and Plaintiff has proof of service on the United States Attorney. Plaintiff served the summons and complaint on the civil-process clerk of the U.S. Attorney's Office for the Western District of Tennessee on February 1, 2013.[17] Having concluded that Plaintiff served the U.S. Attorney in a timely manner, the Court finds good cause under Rule 4(m) and 4(i)(4) to allow Plaintiff a reasonable time to cure her failure to serve Secretary Shinseki and the Department of Veterans Affairs.

Therefore, within three (3) days of the entry of this Order, the United States Attorney's Office for the Western District of Tennessee is directed to provide counsel for Plaintiff with the correct address(es) where Plaintiff can send a copy of the summons and complaint to Secretary Shinseki and

---

[15] Advisory Committee's Notes to 1993 Amendments to Fed. R. Civ. Proc. 4(m).

[16] Fed. R. Civ. P. 4(i)(4). This paragraph also requires the Court to allow a party reasonable time to cure its failure to serve the United States if the party has served the United States officer under Rule 4(i)(3). Fed. R. Civ. P. 4(i)(4)(B). This requirement is not applicable to the circumstances presented in the case at bar.

[17] Pl.'s Aff. of Service of Process, ex. D (D.E. # 5-4).

6

the Department of Veterans Affairs as required by Rule 4(i)(2).  Within twenty-eight (28) days of the entry of this Order, Plaintiff must file proof of service on Secretary Shinseki and the Department of Veterans Affairs as required by Rule 4(l)(1).

As a final matter, the Court pauses to note a number of other defects in Plaintiff's proof of service, which Plaintiff must also cure before this matter proceeds.  First, Plaintiff has not furnished an affidavit to prove service on any Defendant, as Rule 4(l)(1) requires.[18]  Plaintiff has filed a document with the Court styled as an affidavit and signed by counsel, stating that service was accomplished.  The document is not an affidavit because it was not sworn or "made under oath before an authorized officer."[19]  A party may submit an unsworn declaration in lieu of a sworn affidavit so long as the declaration states that it was signed "under penalty of perjury that the foregoing is true and correct."[20]  Plaintiff's filing does not qualify as an unsworn declaration because it does not state that it was signed "under penalty of perjury that the foregoing is true and correct."[21]  The Court finds that without a proper affidavit,  Plaintiff's proof of service does not comply with Rule 4(l).

Second, it is not clear to the Court that Plaintiff has actually served the Attorney General.  Rule 4(i) requires service on the United States itself because the Department of Veterans Affairs is

---

[18] Fed. R. Civ. P. 4(l)(1).

[19] *Sfakianos v. Shelby Cnty. Gov't*, 481 F. App'x 244, 245 (6th Cir. 2012) (citing definition of "affidavit" from Webster's Third New International Dictionary (1965) (other citations omitted)).

[20] 28 U.S.C. § 1746 (allowing a party to submit an unsworn declaration whenever any federal law or rule requires that a matter be proven by a sworn affidavit).

[21] 28 U.S.C. § 1746(2).

a United States agency and Secretary Shinseki is a United States officer. In order to serve the United States, a party must send a copy of the summons and the complaint to the Attorney General of the United States at Washington, D.C.[22] Plaintiff's proof of service states that Plaintiff served the Attorney General and cites for support an exhibit attached to the filing.[23] The exhibit appears to be a tracking sheet from the U.S. Postal Service, showing that mail was delivered to an unspecified address in Washington, D.C., on December 26, 2012.[24] Plaintiff has not shown where the mail was delivered or attached the signature card or receipt for the mail. Without more, the Court cannot determine who the recipient of the mail was. Therefore, the proof does not support Plaintiff's claim that she served the Attorney General.

Despite Plaintiff's failure to submit an affidavit or proper proof of service on the Attorney General, the fact remains that "[f]ailure to prove service does not affect the validity of service," and the Court retains the discretion to allow proof of service to be amended.[25] Because the Court has found good cause to extend the time for Plaintiff to serve Secretary Shinseki and the Department of Veterans Affairs, the Court will grant Plaintiff an opportunity to amend her proof of service to comply with Rule 4. Therefore, within twenty-eight (28) days of the entry of this Order, Plaintiff must amend her initial proof of service by filing a proper affidavit as required by Rule 4(l)(1), to include proof of service on the Attorney General of the United States at Washington, D.C., as required by Rule 4(i)(1)(B).

---

[22] Fed. R. Civ. P. 4(i)(1)(B).

[23] Pl.'s Aff. of Service of Process, ex. C (D.E. # 5-3).

[24] *Id.*

[25] Fed. R. Civ. P. 4(l)(3).

## CONCLUSION

The Court holds that Plaintiff has failed to meet the requirements of Rule 4(i)(2) for service on Secretary Shinseki and the Department of Veterans Affairs.  Plaintiff has not shown that she sent a copy of the summons and complaint to Secretary Shinseki and the Department of Veterans Affairs. Even though Plaintiff has not served Defendant within the time allowed by Rule 4(m), the Court finds good cause to grant Plaintiff a reasonable time in which to cure her defective service.  Within three (3) days of the entry of this Order, the United States Attorney's Office for the Western District of Tennessee is directed to provide counsel for Plaintiff with the correct address(es) where Plaintiff can send a copy of the summons and complaint to Secretary Shinseki and the Department of Veterans Affairs.  Within twenty-eight (28) days of the entry of this Order, Plaintiff must file proof of service on Secretary Shinseki and the Department of Veterans Affairs as required by Rule 4(l)(1).

 Also within twenty-eight (28) days of the entry of this Order, Plaintiff must amend her initial proof of service by filing a proper affidavit as required by Rule 4(l)(1) and include proof of service on the Attorney General of the United States at Washington, D.C., as required by Rule 4(i)(1)(B).  Failure to complete service and/or file proper proof of service within the time allowed will result in the dismissal of Plaintiff's case without further notice.  Defendant's Motion to Dismiss is **DENIED** without prejudice to raise the same issues in a subsequent motion.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 23, 2013.

9